IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| 1521 WEST SHERWIN, LLC, | Case No. 15-24151 (PSH) |
| Debtor. | Honorable Pamela S. Hollis |

**AGREED FINAL ORDER
AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL**

This cause comes to be hear on the Debtor's Motion to Authorize the Use of Cash Collateral (the "Motion"); due and proper notice of this Motion having been given to the creditors and other parties entitled thereto; the Court having conducted a preliminary hearing on the Motion on September 16, 2015, and Standard Holdings RP1 LLC ("Standard") appearing at the hearing and contesting certain premises on which the Motion is based, including the valuation of the Debtor's property; the Debtor and Standard having advised the Court that they have reached agreement on the terms of the Debtor's use of cash collateral pending the resolution of the Debtor's Motion to Determine the Value of Real Property: 1521 West Sherwin, Chicago, Illinois and the Amount of the Secured Claim (the "Valuation Motion") and Standard's objections thereto; and the Court being otherwise fully advised in the premises; now, therefore,

IT IS HEREBY ORDERED THAT:

1.   Beginning on September 15, 2015 and on the 15th of every calendar month thereafter while this Order is in effect, the Debtor shall pay to Standard the amount of $15,350.00 as adequate protection of Standard's interest in the Debtor's property (the "Adequate Protection Payment"). To further provide Standard with adequate protection of its interest in the Debtor's property and its cash collateral, Standard is hereby granted, pursuant to sections 361

and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), replacement liens upon the property of the Debtor's estate, and all the rents, profits, and avails generated therefrom after the commencement of this case, which liens shall have the same validity, extent, and priority as the liens held by Standard on the day before this case was commenced.

2. The Adequate Protection Payments shall satisfy the Debtor's obligations pursuant to section 362(d)(3)(B) of the Bankruptcy Code.

3. The Debtor is further authorized to the Office of the United States Trustee (the "U.S. Trustee") the quarterly fee payments due while this case is pending (the "Quarterly Fees").

4. Michael Zucker, as the receiver (the "Receiver") for the Debtor's property located at 1521 West Sherwin Avenue, Chicago, Illinois (the "Property") pursuant to (a) that certain Order Appointing Receiver for Non-Residential Property dated August 31, 2011, by the Circuit Court of Cook County, Illinois, in Case No. 11 CH 16212 and (b) that certain Order Granting Motion to Authorize Receiver to Remain in Possession of Property of the Estate entered by this Court on August 13, 2015, is authorized to make the Adequate Protection Payments to Standard and to pay the Quarterly Fees to the U.S. Trustee on behalf of the Debtor.

5. Any and all other uses of cash collateral by the Debtor shall await further order of this Court.

6. The provisions of this Order shall remain in full force and effect unless modified or vacated by subsequent orders of this Court. If any or all of the provisions of this Order are hereafter modified, vacated, or stayed by a subsequent order of this Court, or any other court, such stay, modification, or vacation shall not affect the validity, extent, or priority of any line, or any other benefit, granted to Standard by this Order.

7. This Order represents an effort by the Debtor and Standard to address the Debtor's obligations to pay quarterly U.S. Trustee fees and make adequate protection payments to Standard, pending the resolution of the Valuation Motion. Accordingly, this Order shall be without prejudice as to the right of the <u>(i) Debtor to contest and dispute the Standard's ownership of the loan documents and (ii)</u> Debtor and Standard to contest and dispute the value of Standard's prepetition interest in the Debtor's collateral or the value thereof as of the commencement of this case pursuant to the Valuation Motion. Subject to the resolution of the Valuation Motion, the Debtor and Standard reserve all rights as to any determination of how the Adequate Protection Payments should be applied to Standard's claim, including, without limitation, whether such payments, or any portion thereof, should be characterized as payments of principal or interest.

8. This Court retains jurisdiction over any matters related to or arising from the entry of this Order.

Enter: _____
United States Bankruptcy Judge

Dated: 9/24/15

**Prepared by:**
David J. Fischer
Phillip W. Nelson
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: 312-201-2000
Facsimile: 312-201-2555
david.fischer@lockelord.com
phillip.nelson@lockelord.com